IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCOIS BRACMORT,

    Petitioner,

v.         Civil Action No. 5:11CV30
                          (STAMP)
TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The petitioner, Francois Bracmort, was sentenced by the District of Columbia Superior Court to twenty years to life imprisonment after being convicted by a jury of murder while armed. The petitioner filed a direct appeal of his conviction and sentence with the District of Columbia Court of Appeals. On February 23, 2011, the petitioner filed a pro se[1] application for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner seeks relief on the grounds that there was insufficient evidence to convict him and that both his trial counsel and appellate counsel were ineffective. Specifically, the petitioner alleges that trial counsel was ineffective for failure to investigate alibi witnesses, and appellate counsel was ineffective for omitting "dead-bang winners"

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

and for "not raising severance issue." As relief, the petitioner seeks to have his conviction vacated.

United States Magistrate Judge John S. Kaull conducted a preliminary review and submitted a report and recommendation on March 16, 2011, recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice because the petitioner is prohibited from pursuing federal habeas relief in this Court. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this

2

case, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his report and recommendation, the magistrate judge describes the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"), which provides "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (citing D.C. Code § 23-110). The magistrate judge states that prisoners, such as this petitioner, who are sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. See Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986).

District of Columbia Official Code § 23-110 prohibits a prisoner convicted in the District of Columbia Superior Court from utilizing a writ of habeas corpus if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); see also Swain v. Pressley, 430 U.S. 372, 383 (1977) (finding that § 23-110 divests federal courts of jurisdiction over habeas corpus applications without a showing that the remedy under § 23-110 is inadequate or ineffective).

Essentially, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blair-Bey, 151 F.3d at 1042.

In this case, the petitioner's § 2241 petition does not state whether he challenged his conviction and sentence pursuant to D.C. Code § 23-110. However, the magistrate judge took judicial notice of a federal habeas petition previously filed by the petitioner in the United States District Court for the District of Columbia. In that petition, the petitioner acknowledges that he has, in fact, applied for relief pursuant to § 23-110. Thus, the magistrate judge concluded that the petitioner is prohibited from pursuing federal habeas relief in this Court unless he can show that § 23-110 was inadequate or effective to test the legality of his detention.

Following review of the petitioner's claims, the magistrate judge concluded that the petitioner failed to show that the remedy under § 23-110 was inadequate or ineffective. Furthermore, the petitioner's unsuccessful pursuit of his challenge under § 23-110 is not sufficient to demonstrate the inadequacy or ineffectiveness of the remedy. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Accordingly, the magistrate judge found that D.C. Code § 23-110 applies in this instance to bar the availability of federal habeas relief and prevent this Court from hearing the petitioner's claims.

IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: April 11, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE